15-1845-cv
Botta v. Colvin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
                     RAYMOND J. LOHIER, JR.,
                               *Circuit Judges*,
                     EDWARD R. KORMAN,
                               *District Judge.*\*

------------------------------------------------------------------
GIULIA BOTTA,

                              *Plaintiff-Appellant*,

                    v.                                              No. 15-1845-cv

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                              *Defendant-Appellee.*\*\*
------------------------------------------------------------------

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

\*\* The Clerk of the Court is directed to amend the official caption to conform to the caption above.

FOR APPELLANT:                    SARAH H. BOHR, Bohr & Harrington, LLC, Atlantic Beach, FL; Jeffrey Delott, Law Offices of Jeffrey Delott, Jericho, NY.

FOR APPELLEE:                     DARA A. OLDS (Varuni Nelson, Arthur Swerdloff, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Giulia Botta appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.), which dismissed her complaint seeking disability insurance benefits under the Social Security Act and granted judgment on the pleadings to the Commissioner of Social Security.   We note at the outset that, in lieu of pursuing her case in district court, Botta could have obtained re-adjudication of her claim by a different Administrative Law Judge ("ALJ") pursuant to the settlement in Padro v. Astrue, No. 11 Civ. 1788, 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013) (Amon, J.)—a class action complaining of

2

systematic bias by ALJs in the Queens office of the Social Security Administration (including the ALJ who entered the decision from which Botta appeals). Under the settlement's terms, Botta had to request this relief within sixty days after receiving notice of her right to it. Her prior attorney, however, made no such request; and although her current counsel indicated at oral argument that she has since asked the Commissioner for a new hearing, the request was rejected. Under these circumstances, we turn to the merits of her appeal.

On appeal, Botta argues that the ALJ who adjudicated her benefits claim did not properly credit Botta's subjective complaints and did not accord sufficient weight to the opinion of one of Botta's treating physicians. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Botta's contention that the ALJ did not properly evaluate her subjective complaints is without merit. While partially crediting Botta's complaints of pain, the ALJ did not fully credit Botta's statements "concerning the intensity, persistence and limiting effects" of her symptoms because (1) it was undisputed that objective medical tests did not display compression of the nerve roots, (2) multiple examining doctors did not observe significant atrophy or weakness, and

(3) the record contained testimony from a medical expert that Botta's complaints were inconsistent with objective findings as well as testimony from Botta herself that she was not receiving medical treatment for her symptoms in October 2003. The ALJ set forth enough "specific reasons" supported by substantial evidence to garner deference. See Selian v. Astrue, 708 F.3d 409, 420 (2d Cir. 2013).

We also reject Botta's argument that the ALJ did not give sufficient weight to the opinion of one of her treating physicians, Dr. Robert Duca. See Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). As the ALJ found, examinations by two other physicians, objective medical tests, and Botta's history of conservative treatment were all inconsistent with Dr. Duca's opinion. And the ALJ properly relied on testimony from two medical experts who reviewed Dr. Duca's records and independently concluded that the records lacked the specificity and findings necessary to support his opinion. Weighing this body of contrary evidence against the length of Dr. Duca's treating relationship and his status as an orthopedist, the ALJ "applied the substance of the treating physician rule" and provided "good reasons" for her decision not to give Dr. Duca's opinion controlling or significant weight. Halloran v. Barnhart, 362 F.3d 28, 32–33 (2d Cir. 2004).

4

We have considered the remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court